FILED

99 JUN -9 PM 4:00

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

JUN -9 1999

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SARAH CRAIG,                    }
                                }
     Plaintiff,                 }
                                }   CIVIL ACTION NO.
v.                              }
                                }   98-AR-1619-S
JAMES JONES, ET AL.,            }
                                }
     Defendants.                }
                                }

## MEMORANDUM OPINION

Presently before the court is the motion of defendant, Officer Georgiana Smith (Franklin) ("Officer Smith") for the reconsideration of the denial of her motion for summary judgment. Officer Smith quarrels with the court's conclusion that she is entitled neither to absolute immunity (on a state law claim of assault and battery) nor to qualified immunity (on a claim under 42 U.S.C. § 1983 for violation of rights guaranteed by the Fourth and Fourteenth Amendments). For the reasons hereinafter stated, the motion will be denied.

Plaintiff, Sarah Craig ("Craig") brought an action against Officer Smith, alleging that Officer Smith's used of excessive force while Craig was a pre-trial detainee.[1] Craig asserts that Officer Smith slapped, hit, and kicked her as she lay face down and handcuffed on the floor of a "detox" cell in the Shelby County Jail. Craig also asserts that

---

[1] Craig also asserted claims against Officer Smith in her official capacity, against Sheriff James Jones in his individual and official capacities, and against the Shelby County Commissioners in their individual and official capacities. These claims have previously been dismissed.

1

Officer Smith restrained her using handcuffs, leg shackles and a "short-chain" - a device which further restrains movement by connecting handcuffs to leg shackles. Craig claims that she received this treatment though she did not resist Officer Smith or other corrections officers.

**Discussion**

Per order and memorandum opinion of May 17, 1999, this court denied Officer Smith's motion for summary judgment, finding that Officer Smith was not entitled to qualified immunity on federal claims asserted against her. The court also found that Officer Smith, described to the court as a "corrections officer," was entitled to neither absolute immunity nor discretionary immunity on the state law claim of assault and battery. In her motion for reconsideration, Officer Smith points out that a corrections officer is a jailer, not a police officer, and that jailers are entitled to the same immunity afforded deputy sheriffs and sheriffs. Officer Smith is correct in this regard. *Lancaster v. Monroe County*, 116 F.3d 1419, 1429-31 (11th Cir. 1994).

Officer Smith is incorrect, however, in her contention that her status as jailer entitles her to absolute immunity on state law claims. It is true that the Eleventh Circuit interprets the state law doctrine of sovereign immunity to bar suits against sheriffs in their individual capacities. *Id.* at 1431; *McMillian v. Johnson*, 101 F.3d 1363, 1365 (11th Cir. 1996), *reh'g denied*, 109 F.3d 773 (11th Cir. 1997), *cert. denied*, 117 S.Ct. 2514; *Tinney v. Shores*, 77 F.3d 378, 383 (11th Cir. 1996). The Alabama Supreme Court, however, continues to analyze claims against a jail official under the doctrine of discretionary immunity. *See Ex Parte Davis*, 721 So.2d 685, 688-89 (Ala. 1998). In *Ex Parte Davis*, which was

a suit against a prison warden and deputy warden in their official capacities, the Alabama Supreme Court acknowledged that Article I, § 14, Constitution of Alabama, creates a sovereign immunity that extends to State employees acting within the general scope of their authority in performing functions that involve a degree of discretion. *Id*. To claim the benefit of sovereign immunity, a jailer must establish that the plaintiff's claims arise from the performance of discretionary functions for the State. *See id*. Alabama law excludes from the definition of "discretionary" all acts which are done in bad faith, with malice, or willfulness. *Wright v. Wynn*, 682 So.2d 1, 2 (Ala. 1996). Discretionary immunity therefore does not protect jailers (or any other state officer) if, in performing a discretionary function, they willfully, maliciously, fraudulently, or in bad faith injure someone. *Davis*, 721 So.2d at 689; *Wright*, 682 So.2d at 2.

In *Davis*, the Alabama Supreme Court applied this discretionary immunity framework to the jailers sued in their official capacities. Based on its discussion in *Davis*, the Alabama Supreme Court would analyze a claim against a jailer sued in her individual capacity under discretionary - not absolute - immunity. It would be non-sensical to afford a state official greater protection when the official is sued individually than when the official is sued in his or her official capacity. Applying the discretionary immunity analysis in this case, it is unclear at this point whether Officer Smith acted willfully, maliciously, fraudulently, or in bad faith during her interaction with Craig. Officer Smith is therefore not entitled to Alabama's so-called discretionary immunity as to plaintiff's state law claim of assault and

3

battery.

Even if Officer Smith were entitled, as she contends, to invoke absolute immunity to Craig's state law claim, a sheriff (and thus jailer) is not entitled to absolute immunity in every circumstance. *White v. Birchfield*, 582 So.2d 1085, 1088 (Ala. 1991). Indeed, even *Lancaster v. Monroe County*, a case relied upon by Officer Smith, acknowledges that sheriffs are not always entitled to absolute immunity. *See* 116 F.3d at 1431, n.13. According to the Alabama Supreme Court's stated exception to absolute immunity, Officer Smith is not entitled to absolute immunity if she acted willfully, maliciously, illegally, fraudulently, in bad faith, beyond her authority, or under a mistaken interpretation of the law. *See White*, 582 SO.2d at 1088. It is unclear at this point whether Officer Smith acted willfully, maliciously, illegally, fraudulently, in bad faith, beyond her authority, or under a mistaken interpretation of the law. She is therefore not entitled to absolute immunity.

Officer Smith also asks the court to reconsider its determination that she is not entitled to qualified immunity on Craig's § 1983 claim. Officer Smith acknowledges that the "question which must be answered is whether or not there was a clearly established constitutional right which was violated, i.e., whether the force exercised in restraining the Plaintiff was so excessive as to constitute punishment." Officer Smith asks, in essence, this court to believe the conclusory statements of "qualified and experienced jailers" while disbelieving allegedly conclusory statements made by Craig.

For two reasons, the court declines Officer Smith's request. First, the deposition testimony of Craig contains more than mere conclusory

4

statements that excessive force was used to restrain her. Craig describes, in detail, the sequence of events and incidents that form the basis of her claim. This court's earlier denial of qualified immunity was based on Craig's recount of the treatment she received at the Shelby County Jail, not on conclusory statements. In contrast, the corrections officers who interacted with Craig during her stay at the jail offer their own conclusory statements that "no excessive force was used" and "only the amount of force necessary to restrain [Craig] was used." These conclusory statements are insufficient to entitle Officer Smith, as a matter of law, to qualified immunity. Moreover, even if Craig had offered only conclusory statements to oppose summary judgment, accepting Officer Smith's argument requires this court to believe the corrections officers over the plaintiff. This type of credibility determination is inappropriate at the summary judgment stage.

Officer Smith also argues that she is entitled to qualified immunity because Craig failed to establish any serious injury. Officer Smith suggests that the case of *Bennett v. Parker*, 898 F.2d 1530, 1533 (11th Cir. 1990), *reh'g denied* 916 F.2d 719, *cert. denied*, 498 U.S. 1103, 111 S.Ct. 1003 (1991), creates a requirement that a plaintiff asserting an excessive force claim force must establish that he or she suffered serious injuries. *Bennett,* however, involves a claim by a prison **inmate** against a jailer. Such a claim is governed by the Eighth Amendment's proscription against cruel and unusual punishment, which does require a plaintiff to establish serious injury. Because Craig was a pre-trial detainee at the time of the events in question, her claim is governed either by the Fourth Amendment or by the Fourteenth Amendment, or both,

5

not by the Eighth Amendment. *Ingraham v. Wright*, 430 U.S. 651, 671-72 n. 40, 97 S.Ct. 1401, 1412-13 n. 40 (1977); *Telfair v. Gilberg*, 868 F. Supp. 1396, 1404-05 (S.D. Ga. 1994), *aff'd without opinion*, 87 F.3d 1330 (11th Cir. 1996); *Sweatt v. Bailey*, 876 F. Supp. 1571, 1580 (M.D. Ala. 1995). This court finds no case requiring a pre-trial detainee to establish serious injury for a claimed use of excessive force.

**Conclusion**

This court again concludes that Officer Smith is entitled neither to absolute nor to discretionary immunity on the state law claim of assault and battery. The court also reaffirms its earlier ruling that Officer Smith is not entitled to qualified immunity on Craig's § 1983 claim. An appropriate order denying Officer Smith's motion to reconsider will be separately entered.

DONE this 9th day of June, 1999.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE